UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-12-F

| | |
|---|---|
| IN RE: $22,420.00 IN U.S. CURRENCY ) <br> SEIZED FROM AARON LAMONT ) <br> RICHARDS, AND JENNIFER DENISE ) <br> COLEY HELD BY THE DRUG ) <br> ENFORCEMENT ADMINISTRATION, ) <br>   ) <br> AMANDA MOCK ) <br>   ) <br> Plaintiff/Claimant, ) <br>   ) <br> v. ) <br>   ) <br> UNITED STATES OF AMERICA, ) <br> UNITED STATES DEPARTMENT ) <br> OF JUSTICE, AND THE UNITED ) <br> STATES DEPARTMENT OF JUSTICE, ) <br> DRUG ENFORCEMENT ) <br> ADMINISTRATION, ) <br>   ) <br> Defendants. ) | ORDER |

This matter is before the court on the "Motion for Immediate Release of Seized Property Pursuant to 18 U.S.C. § 983(f)" [DE-2] filed by Plaintiff/Claimant Amanda Mock ("Mock"), and Defendants' Motion to Dismiss [DE-16].

### I. FACTUAL AND PROCEDURAL BACKGROUND

Mock initiated this proceeding by filing a "Complaint to Set Aside Forfeiture and Release of Seized Property Pursuant to 18 U.S.C. § 983(d),(e) and (f)" [DE-1] on January 18, 2008. Therein, Mock asserted an innocent owner's interest in $22,420.00 seized by the Drug Enforcement Agency ("DEA") and requested that the court, pursuant to 18 U.S.C. § 983(f), order

the immediate release of the seized property pending trial. Mock asserted that this court has jurisdiction over the matter "by virtue of 28 U.S.C. §§ 1345, 1346, 1355 and 1395" and that "[v]enue in this district is proper by virtue of 28 U.S.C. §§ 1355 and 1395." Compl. [DE-1] ¶¶ 6-7. That same day, Mock filed the "Motion for Immediate Release" [DE-2].

In the Complaint, and affidavits and exhibits attached thereto, and in the Motion for Immediate Release, Mock alleges that just prior to November 13, 2007, she agreed to loan her son approximately $22,500 from her bank and 401k accounts so that he could purchase a dump truck and start his own business. Mock, a resident of Havelock, North Carolina, alleges that she gave the funds to her son, Aaron Lamont Richards, and his fiancee, Jennifer Denise Coley, both residents of Louisburg, North Carolina. Mock asserts that Coley and Richards intended to travel out of state to look for a suitable dump truck to purchase.

On November 13, 2007, the vehicle Richards was driving was stopped by a South Carolina Highway Patrolman on I-85 South in South Carolina. According to the affidavits attached to the Complaint, his vehicle was searched without his permission, and the South Carolina Highway Patrolman found the $22,500.00 in Coley's purse. Richards was given a warning ticket and released, and the Patrolman said he was going to confiscate the $22,500.00. Richards informed the Patrolman that he needed to call the DEA. The $22,500.00 was ultimately released to the DEA.

Mock alleges that the United States Department of Justice issued a Notice of Seizure to both Richards and Coley. On December 28, 2007, Mock, through her attorney, made a written demand for the release of the $22,500.00. Defendants did not respond to the demand, and this action ensued.

2

Case 4:08-cv-00012-F   Document 23   Filed 05/05/08   Page 2 of 6

## II. ANALYSIS

Defendants contend that this matter must be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for improper venue pursuant to Rule 12(b)(3).[1] Specifically, Defendants argue that 18 U.S.C. § 983(f) is a limited waiver of sovereign immunity. According to Defendants, because Mock has not complied fully with all of § 983 requirements, she has not established that the United States' sovereign immunity has been waived.

Section 983 provides that a claimant of property seized by the United States may request the immediate release of the property if he or she meets certain requirements. 18 U.S.C. § 983(f)(1) & (2). If the claimant does not receive the property within 15 days after requesting its release, then "the claimant may file a petition in the district court in which the complaint has been filed, or if no complaint has been filed, in the district court in which the seizure warrant was issued or the district court for the district court in which the property was seized." 18 U.S.C. § 983(f)(3)(A). In this case, it is undisputed that the warrant for the $22,500.00 was issued in the District of South Carolina, and the currency itself was seized within the District of South Carolina.[2] Consequently, under the plain terms of § 983(f)(3)(A), Mock had to file the petition in the District of South Carolina. Defendants contend that because Mock has not complied with the

---

[1] Defendants do not cite Rule 12(b)(3) in the Motion to Dismiss, but the court assumes Defendants are moving under Rule 12(b)(3) with regard to improper venue.

[2] Since the filing of this action, the United States has filed a Complaint for Forfeiture *In Rem* as to the $22,500.00 in the District of South Carolina on March 19, 2008. *See* Reply [DE-22], Ex. C.

3

express terms of § 983(f)(3)(A), there has been no waiver of sovereign immunity as expressly authorized by Congress.

The court agrees. Generally, the United States, and its agencies, are immune from suit unless it expressly waives immunity and consents to be sued. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Consequently, a federal court has no jurisdiction over an action brought against the United States in the absence of explicit statutory consent to suit. *Id.* The scope of any consent to be strictly interpreted, and a waiver of sovereign immunity granted by Congress must be narrowly construed. The Fourth Circuit has explained that a "plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1) . . . because '[t]he party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.' " *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)(quoting *Holloman v. Watt*, 708 F.2d 1299, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984))(omitting other citations).

Here, the Complaint and Motion make clear that Mock is seeking relief pursuant to 18 U.S.C. § 983. Thus, any consent to suit by the United States, and the exact terms of that consent, is presumably found in the statute. Moreover, it is undisputable that Mock has not complied with the terms of that consent by filing her petition in the proper court. Construing the statute strictly, as this court must, the court concludes that the United States has not waived its sovereign immunity with regard to facing a suit filed by Mock in the Eastern District of North Carolina for the immediate release of funds. Although Mock contends that 28 U.S.C. §§ 1355 and 1395 confer subject matter jurisdiction and venue, she does not address the issue of sovereign immunity. A simple reading of these statutes confirms that they do not contain explicit statutory

4

consent to suit by the United States.[3] It is Mock's burden to show that this court has subject matter jurisdiction over this action, and that the United States has waived sovereign immunity. This she has not done, and therefore Defendants' Motion to Dismiss [DE-16] is ALLOWED.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-16] is ALLOWED, Mock's Motion for Release of Funds [DE-2] is DENIED WITHOUT PREJUDICE, and this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED. This the 5 day of May, 2008.

*James C. Fox*

---

[3] 28 U.S.C. § 1355 provides, in pertinent part, the following:
a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
(b)(1) A forfeiture action or proceeding may be brought in--
    (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
    (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1395, in turn, provides in pertinent part:
    (a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found.
    (b) A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.
    (c) A civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought.

5

Case 4:08-cv-00012-F   Document 23   Filed 05/05/08   Page 5 of 6

James C. Fox
Senior United States District Judge